IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TIMMY VUNCANNON                                                              PLAINTIFF

VS                                                                    CAUSE NO. 3:08CV23

UNITED STATES OF AMERICA; MISSISSIPPI BUREAU OF
NARCOTICS; MARSHALL FISHER, In His Official Capacity as
Director of the Mississippi Bureau of Narcotics; TIPPAH COUNTY;
SHERIFF BRANDON VANCE, Individually and in His Official Capacity
as Sheriff of Tippah County, Mississippi; JEFF MEDLIN, Individually
and In His Official Capacity as Agent of the Mississippi Bureau of
Narcotics; CHRIS MCALLISTER, Individually and In His Official
Capacity as an Agent of Tippah County, Mississippi; ROY SHAPPLEY,
Individually and In His Official Capacity as Deputy of
Tippah County, Mississippi; and JOHN DOES 1-25                 DEFENDANTS

**ORDER**

This cause comes before the court on the motions of defendants to dismiss and/or for summary judgment, pursuant to Fed. R. Civ. P. Rules 12 and 56. Plaintiff Timmy Vuncannon has responded in opposition to the motions, and the court, having considered the memoranda and submissions of the parties, concludes that the motions should be granted in part and dismissed in part.

This is, *inter alia*, a 42 U.S.C. § 1983 action arising out of injuries suffered by plaintiff while working on a work release program. Plaintiff alleges that on January 26, 2006, while he was an inmate at the Tippah County Jail, he was ordered by Tippah County Sheriff's Deputy Chris McAllister to "report to the scene of a local drug bust to assist law enforcement officials with the seizure of property" on land owned by John Butler. Plaintiff contends that, upon

1

arriving at Butler's property, he was "instructed by various known and unknown officials to drive, operate and use a tow motor, also commonly known as a forklift, to transport heavy items from a work shop or building at the scene of the seizure into the bed of a tractor trailer." Plaintiff alleges that he "was not trained in the operation of forklifts" and that "at no time during the course of the seizure did [he] indicate to anyone that he was confident driving fork lifts and was skilled in the operation of same." Plaintiff does not assert, however, that he ever informed any of the defendants that he was unable to operate a fork lift.

At the time of the accident, plaintiff was driving the forklift up a ramp which led to the bed of the tractor trailer. Plaintiff alleges that the ramp was not made for use with the trailer at issue and was placed on uneven ground. Plaintiff contends that "all of the named and unnamed defendants watched as Vuncannon drove up the unsteady ramp while performing his dangerous assignment and not one of them took any action to safeguard Vuncannon's safety by instructing him to stop driving the forklift." Plaintiff describes the subsequent events as follows:

> At approximately, 3:00 p.m. on January 26, 2006 while Vuncannon was driving the forklift as instructed, the ramp in question lifted off the ground causing Vuncannon to fall off the forklift onto the ground. The forklift then came to rest on top of Vuncannon's person causing him to sustain serious personal injuries. After some period of time, other inmates, and agents or employees of the Tippah County Sheriffs Department, Mississippi Bureau of Narcotics, including Medlin, and, based on information and belief, various federal agencies managed to lift the forklift off of Vuncannon. As others lifted the forklift off of Vuncannon, inmate workers and Defendant Chris McAllister, at the instruction of agents or employees of the Tippah County Sheriffs Department, Mississippi Bureau of Narcotics, and possibly various federal agencies, pulled Vuncannon out from underneath the forklift and began to drag him through the dirt allowing the dirt to penetrate his open wounds.

On February 25, 2008, plaintiff filed the instant lawsuit in this court, asserting both federal and state claims.

**ANALYSIS**

The court presently has before it motions to dismiss and/or for summary judgment filed by various state, county and federal defendants. The court would initially note that plaintiff's claims against the Mississippi Bureau of Narcotics ("MBN") and his official capacity claims against MBN director Marshall Fisher and MBN agent Jeff Medlin are clearly barred by the Eleventh Amendment, which guarantees that "nonconsenting states may not be sued by private individuals in federal court." *Board of Trustees of the Univ. Of Alabama v. Garrett,* 531 U.S. 356, 363, 121 S. Ct.955, 962 148 L. Ed. 2d 866 (2001). Plaintiff offers no valid arguments as to why Eleventh Amendment immunity does not bar his official capacity claims against these defendants, and their motion to dismiss will therefore be granted.

The court next turns to motions for summary judgment on the basis of qualified immunity filed by Medlin as to the claims asserted against him individually, as well as similar motions filed by Tippah County Sheriff Brandon Vance and his deputies Chris McAllister and Roy Shappley. The privilege of qualified immunity shields a government official from civil liability for damages based upon the performance of discretionary functions if the official's acts did not violate clearly established constitutional or statutory law of which a reasonable person would have known. *Easter v. Powell*, 467 F.3d 459, 462 (5th Cir. 2006). The privilege is an immunity from suit rather than a mere defense to liability, and as a result, the Supreme Court has "repeatedly ... stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991).

In the court's view, there exists no genuine issue of material fact regarding whether any

of the aforementioned defendants violated "clearly established constitutional or statutory law of which a reasonable person would have known." Plaintiff alleges that "Sheriff Vance instructed him to drive the fork lift in question and defendants McAllister and Shappley, by their silence, knowingly acquiesced in Sheriff Vance's orders and allowed the plaintiff to perform labor dangerous to his life and/or health and disregarded that risk by failing to take reasonable measures to abate it." Significantly, however, plaintiff does not allege that he informed any of the defendants that he was unable to drive a forklift, and, as noted below, two witnesses have asserted in affidavits that plaintiff indicated that he was familiar with the operation of forklifts based upon his prior work at a furniture store. In describing the events leading up to the accident, plaintiff asserts as follows in his affidavit:

> At no time during the course of the above referenced seizure did Jeff Medlin instruct me not to drive the fork lift despite having ample opportunity to do so. To the contrary, Medlin assisted me with the cranking of the fork lift and watched as I loaded certain items of personal property onto the trailer. Medlin did, however, encourage me to be careful riding across the steel case located on the floor of John Butler's shop. Further, at no time during the course of the seizure did I indicate to anyone that I was confident driving fork lifts and was skilled in the operation of same. I am not, in fact, skilled in the operation of fork lifts and have never received any training regarding the operation of fork lifts during the course of my employment with Benchcraft Furniture or otherwise.

Even accepting plaintiff's allegations as true, the court concludes that the accident in the present case resulted from, at most, simple negligence, and it is well established that such negligence is insufficient to establish an Eighth Amendment violation.[1] Indeed, in the 1987 decision of *Bowie v. Procunier*, 808 F.2d 1142 (5th Cir. 1987), the Fifth Circuit considered a case in which a

---

[1]As noted previously, plaintiff alleges that, after his accident, the defendants dragged him through the dirt, but the court does not view this allegation as potentially establishing a Constitutional violation.

4

prisoner alleged that prison officials had failed to provide him with proper work safety equipment to protect his eyes while he was chopping wood. The prisoner lost the use of one of his eyes from a piece of flying bark, but the Fifth Circuit rejected plaintiff's Eight Amendment claims, finding that the complaint asserted nothing more than simple negligence and noting that the Eighth Amendment is "simply not implicated by a negligent act of an official." *Bowie*, 808 F.2d at 1143.

The court would note that defendants have submitted affidavits which cast some doubt upon whether any defendant was even negligent in this case. For example, defendants have submitted an affidavit from Medlin, in which he asserts as follows:

> I walked to the back of the trailer and the ramps were clamped on to the trailer. I asked plaintiff about the fork lift, and he informed me that he planned to drive the fork lift into the trailer. I told plaintiff that this was not going to work because the wheels on the fork lift were going to slide into the ramp. I had personally used the fork lift the previous day and based on my experience, I did not believe it had traction to pull itself up the ramps. The ramps were already on site and apparently were used by the suspect arrested in the drug raid to load cars onto trailers. I got out of the trailer, looked at the ramps and made sure they were clamped and again informed the plaintiff that driving the fork lift up was not going to work. The plaintiff despite my admonitions insisted that he could drive the fork lift up the trailer. At some time during my time on site, I had heard the plaintiff discussing his experience around fork lifts while he worked at Benchcraft Furniture.

Defendants have also submitted an affidavit from Kimberly Busfield, an eyewitness to the accident, in which she asserts that:

> There were several people in the area when the accident occurred including the other inmates, Jeff Medlin and other law enforcement officers. The first time the plaintiff tried to drive the fork lift up the ramps, the wheels were slipping and the fork lift would not pull up the ramp. I heard Jeff Medlin tell the plaintiff that "man it's not going to work." The plaintiff responded by stating words to the effect that "yeah, man it will" and that he, the plaintiff, had watched people doing this type thing all the time at Benchcraft.

5

In the court's view, this evidence arguably suggests that it was plaintiff, rather than defendants, who was negligent in this case. Regardless, interpreting the evidence in the light most favorable to plaintiff, it is apparent that the evidence before the court is insufficient to establish triable fact issues regarding any Constitutional violation in this case.

Plaintiff has requested that he be permitted to perform additional discovery as to certain aspects of his § 1983 claims and also as to his Federal Tort Claims Act (FTCA) claims arising out of his contention that federal law enforcement personnel were present at the accident site and contributed to his injuries. As to plaintiff's § 1983 claims, the court concludes that the fact that plaintiff admits that he never informed any defendants that he was unable to operate the fork lift in question, considered in conjunction with the affidavits submitted by defendants, removes any possibility that he might be able to establish anything more than simple negligence on the part of any defendant in this case. Such negligence is, to reiterate, insufficient to establish an Eighth Amendment violation, and the court therefore sees no purpose to conducting any additional discovery as to plaintiff's § 1983 claims.

As to plaintiff's FTCA claims, the United States has submitted affidavits from various federal law enforcement officers asserting that no federal agents or employees were present at the accident scene at the time of the accident. While this would appear to render the viability of plaintiff's FTCA claims highly questionable, plaintiff insists that he observed officers wearing jackets identifying themselves as members of the Federal Bureau of Investigation, Drug Enforcement Administration, and the Bureau of Alcohol, Tobacco, Firearms and Explosives at the accident site and that they helped supervise the loading of property on the truck at issue. Given that the plaintiff's burden of proof is somewhat less under his FTCA claims than under his

§ 1983 claims, the court will, out of an abundance of caution, permit plaintiff to perform limited discovery as to the former claims. The court trusts, however, that plaintiff will voluntarily dismiss his FTCA claims in the event that he is unable to develop any proof indicating potential liability on the part of the United States arising out of the accident in this case. Barring such, the United States may re-file its motion for summary judgment following the completion of discovery.

In light of the foregoing, it is ordered that:

1. The motions to dismiss on the basis of Eleventh Amendment immunity [18-1] filed by defendant Mississippi Bureau of Narcotics, as well as by defendants Marshall Fisher and Jeff Medlin in their official capacities, are granted.

2. The motions for summary judgment filed by defendants Brandon Vance, Chris McAllister and Roy Shappley and Jeff Medlin's [33-1, 44-1] on the basis of qualified immunity are granted.

3. The United States' motion for summary judgment [26-1] is dismissed without prejudice to refiling following the completion of discovery.

4. Plaintiff's motion for discovery [49-1] is granted as to his FTCA claims but denied as to his other claims. The court directs the Magistrate Judge to issue an order establishing limited discovery as to plaintiff's FTCA claims.

So ordered, this the 14th day of November, 2008.

/s/ MICHAEL P. MILLS
CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI